UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John F. Clark , ) | C/A No.   4:07-2840-HMH-TER |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| S.C. Department of Corrections; ) | |
| Watkins Pre-Release; ) | |
| Captain FNU Owens; ) | |
| Warden of Watkins; ) | |
| Officer FNU Park; ) | |
| Corporal FNU Wellings ) | **Report and Recommendation** |
| Lt. FNU Hitchin; and ) | |
| Officer FNU McDuffie, ) | |
| Defendants. ) | |

_____

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Rule 73.02(B)(2) pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

1

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Background

Plaintiff indicates that, on September 4, 2006, while incarcerated at Watkins Pre-release Center, he was attacked by another inmate outside of the "mess hall." During the incident, which happened at approximately 4:00 p.m., Plaintiff was picked up and slammed, headfirst, into a concrete floor. Plaintiff states an officer is usually posted at this location, however, at the time of the assault, no officer was present. Plaintiff apparently lost consciousness and was later "picked up without a gurny [sic] or a call for an ambulance" and "dragged" to "operations" to meet with Captain Owens (Defendant Owens). Plaintiff answered Defendant Owens' questions about the incident and was escorted to the infirmary at 4:30 p.m. Plaintiff was released from the infirmary at 5:02 p.m. and sent to Palmetto Baptist Hospital. Plaintiff states approximately three hours passed between the assault and his arrival at the hospital and that he was in pain the entire time. Plaintiff remained in the hospital for five days (four days in intensive care) due to excessive bleeding on the brain. Plaintiff received approximately three months of "observation & treatment" at different prisons prior to being returned to Watkins. Plaintiff, who has apparently now been released from prison, states he continues to have "ill effects" from his injuries and seeks monetary damages.

Plaintiff makes no reference in the body of the complaint to Defendants S.C. Department of Corrections, Warden of Watkins, Officer Park, or Corporal Wellings. As stated above, Plaintiff alleges that Defendant Owens questioned him for approximately thirty (30) minutes after the assault. Plaintiff states Defendant Hitchin indicated, in front of Defendant McDuffie, that Plaintiff "should not have been brought back to Watkins because of the event that took place." Defendant Watkins Pre-release Center is named as the facility where the alleged assault occurred.

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint *sub judice* fails to assert any personal involvement by and contains absolutely no factual allegations against the following Defendants: S.C. Department of Corrections; Warden of Watkins; Officer Park; and Corporal Wellings. The Plaintiff's placement of these Defendants in the Complaint's caption and/or "Parties" section, without any mention of how they are connected to the case is insufficient to state a claim under § 1983. The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981).

The remaining four Defendants: Watkins Pre-release Center, Captain Owens, Lt. Hitchin, and Officer McDuffie, although named in the body of Plaintiff's complaint, are not alleged to have engaged in the violation of Plaintiff's rights. In his "statement of claim," Plaintiff references Defendant Watkins Pre-release Center as the location of the altercation between himself and another inmate. The only other mention of Defendant Watkins Pre-release Center is Plaintiff's statement

4

"[t]he process of paperwork, on Watkin [sic] side, was very slow to the point of non productive." Plaintiff states Defendant Owens questioned him about the accident and "did not fill out the paperwork for me to press charges [against the other inmate.]" Plaintiff names Defendants Hitchin and McDuffie for a statement one officer made in front of the other indicating that Plaintiff should not have been returned to Watkins after the September, 2006, assault. None of these statements provide factual allegations against these Defendants to support Plaintiff's civil rights claims of deliberate indifference to medical needs, health and/or safety.

While the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint "failed to contain any factual allegations tending to support his bare assertion"). Further, although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

In the present case, Plaintiff fails to provide any factual allegations against Defendants S.C. Department of Corrections, Warden of Watkins, Officer Park, and Corporal Wellings. Plaintiff further provides insufficient facts against Defendants Watkins Pre-release Center, Captain Owens, Lt. Hitchin, and Officer McDuffie, to support his civil rights claims. Therefore, the complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, two of the named Defendants in Plaintiff's case , S.C. Department of Corrections and Watkins, are entitled to summary dismissal on other grounds. First, the South Carolina Department of Corrections is immune from suit under the Eleventh Amendment.[1] The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Agencies of the state share this immunity when they are the alter egos of the state. Even though the state is not named as a party to the instant action, the suit may be barred by the Eleventh Amendment if the plaintiff, a private party, seeks to recover money from the state's public funds. *Edelman*, 415 U.S. at 663. In the case *sub judice*, Plaintiff seeks damages which are barred by the Eleventh Amendment.

Second, as mentioned previously, in order to maintain a § 1983 action, a plaintiff must allege that he was deprived of a federal right by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. at 48. Defendant Watkins is a facility used to house prisoners. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, Watkins is not a "person" subject to suit under 42 U.S.C. § 1983. *See.Allison v. California Adult Auth*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on*

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).

*other grounds, Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Since Watkins is not a proper defendant in this § 1983 action, it is also entitled to summary dismissal.

It is also significant that Plaintiff's allegations fail to show deliberate indifference to medical needs. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that the Plaintiff was taken to the infirmary within thirty (30) minutes of his injury, transported to a private hospital for treatment within three (3) hours of the assault, and provided with follow-up treatment at prison facilities for approximately three (3) months after the incident. Thus, the Plaintiff admits that he was provided medical attention, however, he complains that the treatment he received constituted medical malpractice. Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga.

1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff clearly received medical attention for his head injury. Thus, the Defendants were not deliberately indifferent to the Plaintiff's serious medical need.

While Plaintiff's complaint may be interpreted as an action for negligent or incorrect medical treatment, negligence, in general, is not cognizable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983). *See also Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.1995) ( "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983.[2] *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

---

[2] Although claims of negligence and medical malpractice are actionable under South Carolina law, this Court has no jurisdiction over the parties absent diversity or pendant jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). In the present case, Plaintiff and all Defendants appear to be residents of the State of South Carolina, therefore, complete diversity of parties is lacking. In the absence of complete diversity, the amount in controversy is irrelevant. In addition, since Plaintiff's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over any state law claim(s) which may be found in the plaintiff's § 1983 action.

In regards to Plaintiff's claim that the Defendants failed to protect him from harm, his action must likewise fail. The Eighth Amendment protects inmates from physical harm at the hands of fellow inmates resulting from "the deliberate or callous indifference of prison officials to specific known risks of such harm." *Pressly v. Hutto,* 816 F.2d 977, 979 (4th Cir. 1987). Where it is alleged, as in Plaintiff's action, that prison officials failed to protect an inmate from harm, the appropriate legal standard is whether the official was deliberately indifferent to a known, specific risk of harm. *See Moore v. Winebrenner,* 927 F.2d 1312, 1315 (4th Cir. 1991). The United States Supreme Court and this judicial circuit have rejected a negligence standard in determining deliberate indifference. *E.g., Whitley v. Albers,* 475 U.S. 312, 319 (1986); *Moore,* 927 F.2d at 1315-17. Thus, merely negligent behavior on the part of a prison official, in failing to protect a prisoner from a risk of harm, does not present a Constitutional violation. *See Whitley v. Albers,* 475 U.S. at 319 ("obduracy and wantonness, not inadvertence... characterize the conduct prohibited by [the eighth amendment]"); *Davidson v. Cannon,* 474 U.S. 344 (1986)(negligent failure to protect an inmate does not "deprive" him of liberty or violate the fourteenth amendment).

In his complaint, Plaintiff maintains that no officer was "posted" outside the "mess hall" at the time of Plaintiff's assault. Plaintiff fails to make any allegations that the Defendants were aware of a specific risk of harm to Plaintiff on the day in question, or were deliberately callous to such a risk. Thus, it appears from the pleadings that the lack of an officer near the area in which Plaintiff was attacked was unintentional and constitutes negligent behavior, which is not actionable in a § 1983 deliberate indifference claim. Therefore, the complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.


|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| August 27, 2007 | Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).